Zheng "Andy" Liu
SBN 279327 (CA)
*Pro Hac Vice Forthcoming*
1660 S Amphlett Blvd Suite 315
San Mateo, CA 94402
Telephone: 650.475.6289
Email: Andy.liu@aptumlaw.us
Jingyi.Guo@aptumlaw.us

*Attorneys for Plaintiff Dowge*
*International Development, Ltd.*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DOWGE INTERNATIONAL DEVELOPMENT, LTD., <br><br> Plaintiffs, <br><br> v. <br><br> ALBERT BARNATHAN, individually and as trustee of Joseph And Sophia Barnathan 2012 Irrevocable Trust <br><br> Defendant. <br><br> . | Case No.: 1:24-cv-4227 <br><br> **COMPLAINT** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff Dowge International Development, Ltd. (Dowge International) alleges against

Defendant Albert Barnathan (Barnathan) as follows:

///

///

///

1

**INTRODUCTION**

1.      This is a breach of personal guaranty case.

2.      In September, 2018, Plaintiff Dowge International sued Defendant Barnathan's shell company Louise Paris, Ltd. (doing business as Jane Me) for non-payment merchandise bought. The total amount owed was approximately $2.8 million.

3.      In July, 2023, Defendant Barnathan enticed Plaintiff Dowge International to settle its $2.8 million dispute with Louise Paris for merely $1 million. As part of his enticement, Defendant Barnathan agreed to and did serve as a personal guaranty of this $1 million settlement.

4.      In December, 2023, Louise Paris refused to pay any amount of the $1 million settlement. Under the personal guaranty, therefore, Defendant Barnathan owes but refused to pay Plaintiff Dowge International $1 million.

5.      Hence, this case, to collect on Defendant Barnathan's personal guaranty.

**THE PARTIES**

6.      Plaintiff Dowge International is a limited company formed under the laws of the People's Republic of China with its principal place of business at Unit 3B 20/F, Far East Consortium Building 121, Des Voeux Rd., Central HK., China.

7.      Defendant Albert Barnathan a citizen of New York, because he is an individual residing and domiciled in Brooklyn, NY.

**JURISDICTION AND VENUE**

8.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) over the claims between the parties.

9.      Plaintiff Dowge International, having been incorporated and having its principal place of in China, is a citizen of China.

10.     Defendant Albert Barnathan is a citizen of New York.

11.     The amount is controversy is at least $350,000.

12.     Venue is also proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendant Barnathan since Defendant Barnathan is domiciled in Brooklyn, New York, is engaging in interstate commerce, and has wrongfully caused Plaintiff Dowge International substantial injury in Brooklyn, New York.

## FACTUAL ALLEGATIONS

### A.  Background

13.     Plaintiff Dowge International is a clothing supplier that orders goods from manufacturers in China and distributes them to wholesalers and retailers in the United States.

14.     Louise Paris, Ltd. (doing business as Jane Me) is a shell company owned and managed by Defendant Barnathan.

15.     Louise Paris contracted with Plaintiff Dowge International to order, ship and deliver a variety of clothing garments for Louise Paris upon its request. In exchange, Louise Paris agreed to pay Plaintiff Dowge International for the garments ordered and provided.

16.     Louise Paris requested garments from Plaintiff Dowge International through purchase orders that Louise Paris delivered to Plaintiff Dowge International.

17.     Upon receipt of the purchase orders, Plaintiff Dowge International filled those purchase orders by ordering the manufacture of the requested product with the manufacturer, and then shipping and delivering the requested products to Defendant pursuant to Louise Paris' instructions.

18.     Plaintiff Dowge International would then issue invoices to Louise Paris reflecting the amount to be paid for the products shipped to the Louise Paris.

19.    Between January 7, 2021 and April 19, 2021, Plaintiff Dowge International and Louise Paris executed approximately seventy-six purchase orders (collectively the "Purchase Orders") for the shipment and delivery of certain garments which are identified by the following purchase order numbers:

60138-MJ; 60140-MJ; 50005-62; 60068-MJ; 50006-62; 50007-62; 60007-00; 60008-00; 60010-00; 60091-00; 60092-00; 60093-00; 60106-MJ; 60107-MJ; 60131-BE; 60002-MJ; 60003-MJ; 60132-BE; 60032-MJ; 60062-MJ; 60063-MJ; 60133-BE; 60017-00; 60240-07; 60016-00; 60066-BE; 60243-MJ; 60120-BE; 60228-07; 60061-MJ; 60064-MJ; 60124-MJ; 60127-MJ; 50004-62; 60017-00 (revised); 60019-01; 60032-MJ (revised); 60133-BE (revised); 60018-01; 60020-01; 60069-BE; 60082-BE; 60014-00; 60023-01; 60024-01; 60241-MJ; 60011-00; 60015-00; 60021-01; 60022-01; 60083-BE; 60082-BE; 60284-28; 60025-01; 60071-B; 60237-BE; 60238-BE; 28690-42; 28659-42; 28660-42; 28690-42; 60207-29; 60209-29; 60210-29; 60211-29; 60212-29; 60213-29; 60229-29; 60244-29; 60179-MJ; 60183-MJ; 60185-MJ; 60274-TK; 60230-04; 60246-04; 60245-TK; 60181-MJ; 60231-MJ; 60247-MJ

20.    Pursuant to those purchase orders, Plaintiff Dowge International placed orders with the manufacturer, paid the manufacturing costs, and then shipped and delivered the garments to Louise Paris or Louise Paris' customers upon request.

21.    Louise Paris has not rejected or refused to accept the products that Plaintiff Dowge International ordered from the manufacturer and subsequently shipped and delivered to or on behalf of Louise Paris.

22.    Plaintiff Dowge International delivered fifty-two invoices (collectively the "Invoices") to Louise Paris for the products that Louise Paris ordered between January 7, 2021 and April 19, 2021 and that Plaintiff Dowge International shipped and delivered for or on behalf of Louise Paris. The invoices are identified by the following invoice numbers:

2116999013; 2116999017A; 2116999017B; 2116999019; 2116999020A; 2116999020B; 2116999021; 2116999022; 2116999023A; 2116999023B; 2116999024; 2116999025A; 2116999025B; 2116999026A; 2116999026B;

2116999027A; 2116999027B; 2116999028A; 2116999028B; 2116999029;
2116999030A; 2116999030B; 2116999031A; 2116999031B; 2116999032;
2116999033; 2116999034A; 2116999034B; 211699035A; 211699035B;
2116999036; 2116999037A; 2116999037B; 216999038; 216999039;
2116999040A; 2116999040B; 2116999041; 2116999042; 2116999043;
2116999045; 2116999046; 2116999047; 2116999701; 2116999806;
2116999807A; 2116999809; 2116999810; 2116999812A; 2116999812B;
2116999813A; 216999813B.

23.      Under the terms of the Invoices, Louise Paris was required to advance payment in

the amount of fifty percent of the Invoice total and then fifty percent (50%) twenty-one (21)

days after the bill of lading date.

24.      To date, Louise Paris has not objected to the delivery of the garments in any

manner.

25.      Louise Paris have failed to remit full payment of the Invoices to Plaintiff.

26.      As a result, Defendant owed Plaintiff a principal sum of $2,797,695.78.

27.      On or about February 5, 2021, Plaintiff Dowge International and Louise Paris

entered into an installment payment agreement whereby Defendant admitted and acknowledged

it had an outstanding balance of $2,379,534.94 due to Plaintiff Dowge International as of the

date of the agreement.

28.      Louise Paris failed to remit full and timely payment pursuant to the terms of the

installment payment agreement.

29.      On or about May 17, 2022, in an email correspondence between Plaintiff Dowge

International and Louise Paris concerning pending payments, Louise Paris again admitted and

acknowledged it had an outstanding balance due to Plaintiff Dowge International in the amount

of $2,898,696.06 as of the date of the email.

30.     On or about June 1, 2022, Louise Paris issued a payment to Plaintiff Dowge International in the amount of $101,000.28. As a result of this payment, on or about June 1, 2022, Louise Paris owed Plaintiff Dowge International a principal sum of $2,797,695.78.

**B. The underlying debt collection lawsuit**

31.     After June 1, 2022, Louise Paris refused to make any further payment to Plaintiff Dowge International; as a result, Plaintiff Dowge International sued Louise Paris in the U.S. District Court for the Southern District of New York for, among other things, non-payment of the 2,797,695.78 debt.

32.     The lawsuit Plaintiff Dowge International filed against Louise Paris is entitled *Dowge International Development, LTD. v. Louise Paris, Ltd.*, having the case number 1:22-cv-07880.

33.     On or about April 20, 2023, Plaintiff Dowge International, Louise Paris, and Defendant Barnathan reached a three-way settlement. In this three-way settlement, Plaintiff Dowge International agreed to settle its $2,797,695.78 damage claims against Louise Paris for merely $1 million, in exchange for Defendant Barnathan serving as a personal guaranty of this $1 million settlement. Further, in change for Defendant Barnathan's personal guaranty, Plaintiff Dowge International agreed to reduce its settlement amount from $2,797,695.78 to $1 million and not to sue Defendant Barnathan personally as an alter ego of Louise Paris.

34.     After some delays, in July 2023, Defendant Barnathan executed the personal guaranty in writing before a notary public.

35.     A true and correct copy of the three-way settlement agreement (including Defendant Barnathan's personal guaranty) is attached to this Complaint as **Exhibit A**.

36.     After April, 2023, however, Louise Paris refused and continues to refuse to pay the full $1 million settlement to Plaintiff Dowge International.

37.     As required by the personal guaranty, Defendant Barnathan is thus liable to Plaintiff Dowge International for at least $1 million.

38.     Despite various demands by Plaintiff Dowge International, Defendant Barnathan has refused and continues to refuse to pay portion of the $1 million, despite his written personal guaranty.

## FIRST CAUSE OF ACTION

### *Beach Of Written Contract*
*Dowge International v. Defendant Barnathan In His Individual Capacity*

39.     Plaintiff Dowge International realleges and incorporates by reference each and every allegation set forth in all preceding paragraphs.

40.     On or about April 20, 2023, Plaintiff Dowge International, Louise Paris, and Defendant Barnathan reached a three-way settlement. In this three-way settlement, Plaintiff Dowge International agreed to settle its $2,797,695.78 damage claims against Louise Paris for merely $1 million, in exchange for Defendant Barnathan serving as a personal guaranty of this $1 million settlement. Further, in change for Defendant Barnathan's personal guaranty, Plaintiff Dowge International agreed to reduce its settlement amount from $2,797,695.78 to $1 million and not to sue Defendant Barnathan personally as an alter ego of Louise Paris.

41.     After some delays, in July 2023, Defendant Barnathan executed the personal guaranty in writing before a notary public.

42.     Plaintiff Dowge International satisfied all applicable condition precedents to Defendant Barnathan's performing his obligations under personal guaranty.

43.     Defendant Barnathan is not excused from the obligations he assumed under the terms of the personal guaranty.

44.     Defendant Barnathan breached the personal guaranty. Because Louise Paris refused and continues to refuse to pay the full $1 million settlement to Plaintiff Dowge International, and because Defendant Barnathan has refused and continues to refuse to pay portion of the $1 million, despite the personal guaranty.

45.     As a direct result of Defendant Barnathan's breach of personal guaranty, Plaintiff Dowge International has incurred injuries (for example, Plaintiff Dowge International did not receive the full $1 million settlement fund).

46.     Plaintiff Dowge International suffered damages by the actions of Defendant Barnathan and is entitled to recover its damages in the amount of no less than $1 million from Defendant Barnathan.

## SECOND CAUSE OF ACTION

### *Fraudulent Transfer*
*Dowge International v. Defendant Barnathan In His Capacity as the trustee of Joseph And Sophia Barnathan 2012 Irrevocable Trust*

47.     Plaintiff Dowge International realleges and incorporates by reference each and every allegation set forth in all preceding paragraphs.

48.     Under New York law, a conveyance may also be avoided if it is made with "actual intent ... to hinder, delay, or defraud either present or future creditors." DCL § 276.

49.     In and after July, 2023, Defendant Barnathan in his individual capacity transferred various assets to the Joseph And Sophia Barnathan 2012 Irrevocable Trust in his capacity as the trustee of the Joseph And Sophia Barnathan 2012 Irrevocable Trust.

50.     The properties transferred included wages, rental income, bonus, dividends, interest income, capital gains, and reimbursement payments Defendant Barnathan received, from July, 2023 to date, in his individual capacity from Louise Paris.

51.     The properties transferred also included such personal properties as luxury vehicles and luxury condominiums Defendant Barnathan received, from July, 2023 to date, in his individual capacity.

52.     Defendant Barnathan in his individual capacity did not receive anything of value from the Joseph And Sophia Barnathan 2012 Irrevocable Trust in his capacity as its trustee.

53.     The transfers were made to make Defendant Barnathan in his individual capacity appear judgement proof to his creditors and to prevent Plaintiff Dowge International from satisfying its claims against him.

54.     The transfers were made with the actual intent to hinder, delay, or defraud Plaintiff Dowge International.

55.     Accordingly, the transfer of the property of Defendant Barnathan in his individual capacity to the Joseph And Sophia Barnathan 2012 Irrevocable Trust in his capacity as its trustee is voidable and of no effect as to Plaintiff Dowge International.

56.     Plaintiff Dowge International is entitled to an Order (1) nullifying and voiding the transfer of the wages, rental income, bonus, dividends, interest income, capital gains, reimbursement payments, and other personal properties Defendant Barnathan received, from July, 2023 to date, in his individual capacity to the Joseph And Sophia Barnathan 2012 Irrevocable Trust in his capacity as its trustee and (2) declaring that the interest of Defendant Barnathan in his individual capacity in these properties in the Joseph And Sophia Barnathan 2012 Irrevocable Trust in his capacity as its trustee remain with Defendant Barnathan in his

individual capacity and is entitled to be included in a judgment against Defendant Barnathan in his individual capacity and entities in which he controls, for value of the asset(s) that are the subject of the transfer or the amount necessary to satisfy a judgement against Defendant Barnathan in his individual capacity, whichever is less.

57.     Furthermore, as a result of the actions of Defendant Barnathan in his individual capacity in participating in the transfer to the Joseph And Sophia Barnathan 2012 Irrevocable Trust in his capacity as its trustee, Plaintiff Dowge International has suffered general damages and is entitled to recover these damages, from the Joseph And Sophia Barnathan 2012 Irrevocable Trust in his capacity as its trustee and Defendant Barnathan in his individual capacity, in an amount to be shown at trial.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff Dowge International prays for judgment against Defendant Barnathan individually and as trustee of Joseph And Sophia Barnathan 2012 Irrevocable Trust, as set forth more particularly below:

a.    For actual and compensatory damages according to proof at trial;

b.    For punitive and exemplary damages on such claims and in such amounts permitted by law;

c.    For attorney fees on such claims permitted by law;

d.    For costs of suit herein;

e.    For pre- and post-judgment interest on any amounts awarded;

f.    For an order the transfers by Defendant Barnathan in his individual capacity and in his capacity as trustee of the Joseph And Sophia Barnathan 2012 Irrevocable

Trust be set aside and declared void to the extent necessary to satisfy Plaintiff

Dowge International's claims, plus interest thereon at annual rate of 10%;

g. For the judgment herein be declared a lien on the properties transferred;

h. For such other and further relief and the court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff Dowge International hereby demands a jury trial on all issues so triable.

Dated: June 13, 2024

_____

Zheng "Andy" Liu
SBN 279327 (CA)
*Pro Hac Vice Forthcoming*
1660 S Amphlett Blvd Suite 315
San Mateo, CA 94402
Telephone: 650.475.6289
Email: Andy.liu@aptumlaw.us
Jingyi.Guo@aptumlaw.us

Attorneys for Plaintiff Dowge
International Development, Ltd.

**EXHIBIT A**

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release (the "Agreement") is made by and between: DOWGE INTERNATIONAL DEVELOPMENT, LTD. ("Dowge"); and LOUISE PARIS, LTD. ("LP"), each individually referred to herein as a "Party" and, collectively, as the "Parties."

**WHEREAS**, on September 15, 2022, Dowge filed an action in the United States District Court for the Southern District of New York, captioned *DOWGE INTERNATIONAL DEVELOPMENT, LTD., v. LOUISE PARIS, LTD. d/b/a ME JANE,* Case No.: 1:22-cv-07880-JPC (the "Litigation");

**WHEREAS**, LP denies any wrongdoing or liability to Dowge and denies all of the allegations made by Dowge in the Litigation and any and all wrongdoing or liability in connection with the events and transactions at issue therein;

**WHEREAS**, the Parties have agreed to globally, completely, and forever resolve their differences and disputes, including, without limitation, the allegations asserted by Dowge in the Litigation.

**NOW THEREFORE**, in consideration of the mutual promises and covenants contained herein, and other good and valuable consideration, the Parties agree as follows:

1. <u>Effective Date</u>. This Agreement shall be considered dated and effective (the "Effective Date") on the date when counsel for each of the Parties receives a fully executed copy of this Agreement.

2.      <u>Settlement Payment</u>.  LP shall pay Dowge the total sum of $1,000,000.00 (US) (One Million Dollars) (the "Settlement Amount") without interest. The Settlement Amount shall be payable in three separate installments: (1) on or before July 30, 2023, in the amount of $333,333.33; (2) on or before August 30, 2023, in the amount of $333,333.33; and (3) on or before September 30, 2023, in the amount of $333,333.34, in good and sufficient funds to Dowge's counsel's trust account as follows:

| | |
|---|---|
| Beneficiary Name: | Jia Law Group, P.C. Attorney Trust |
| Beneficiary address: | 88 Pine Street, Suite 1804, New York, NY 10005 |
| Beneficiary Account: | 950689658 |
| Beneficiary Bank: | CHASE BANK |
| Beneficiary Bank Address: | 214 Broadway, New York, NY 10038 |
| ABA/Routing: | 021000021 |
| Swift: | CHASUS33 |

3.      <u>Voluntary Dismissal of Litigation</u>. Within five (5) business days of confirmation of receipt and clearance by the receiving bank of the final installment of the Settlement Amount, Dowge's counsel of record JIA Law Group, P.C. ("JLG") shall execute and deliver to counsel for the LP the *Stipulation of Voluntary Dismissal With Prejudice* (the "<u>Dismissal Stipulation</u>") pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii) in the form attached to this Agreement as **Exhibit A**.  Upon delivery of the fully executed Dismissal Stipulation, LP's counsel may file the fully executed Dismissal Stipulation with the Court in the Litigation.

4.      <u>No Admission of Liability</u>.  This Agreement is not and shall not be construed as an admission of liability of any kind whatsoever, by or on behalf of the LP, for any of the allegations

asserted by Dowge in the Litigation. This Agreement represents a compromise between the Parties to resolve any claims or potential claims Dowge claims to have or may have against the LP.

5.  <u>Mutual General Releases.</u>

    a. The following definitions shall apply to the mutual general releases:

    "Dowge Parties" shall mean Dowge, its past and present affiliates, subsidiaries, parent corporations, syndicates, partners, shareholders, members, directors, employees, officers, agents, administrators, heirs, executors, trustees, attorneys, insurers, reinsurers, sureties, successors and assigns.

    "LP Parties" shall mean LP, Me-Jane, Ltd. and their past and present affiliates, subsidiaries, parent corporations, syndicates, partners, shareholders, members, directors, employees, officers, agents, administrators, heirs, executors, trustees, attorneys, insurers, reinsurers, sureties, successors and assigns.

    b. In exchange for good and valuable consideration, each Party, including the Dowge Parties, and the LP Parties, irrevocably release and forever discharge each other Party, from: any and all manner of actions, causes of action, suits, indemnities, debts, dues, accounts, accounts stated, losses of services, sums of money, causes of action, obligations, liabilities, covenants, contracts, controversies, agreements, promises, variances, disputes, trespasses, damages, judgments, executions, awards, claims, including any claims of any nature whatsoever, whether sounding in tort, contract, consequential damages, or any other common law theory, or arising under any provision of federal, state, municipal law, or foreign law, including attorneys' fees and

disbursements, whether asserted or unasserted, known or unknown, accrued or not accrued, arising out of, or in any way resulting from, or in any way connected with the facts, matters, and claims alleged or asserted in the Litigation, from the beginning of time until the Effective Date of this Agreement. However, the Parties do not release or discharge any claims against any Party who breaches any obligation under this Agreement.

6.  Breach.

    a. In the event of a breach or default of this Settlement Agreement, upon ten (10) days prior written notice (within which such time, LP shall have the right to cure the breach or default) (the "Cure Period"), Dowge shall have, in addition to and without limiting any other remedy or right it may have at law or in equity, a right to enter, a judgment against LP for failure to comply with this Settlement Agreement in the sum of $2,797,695.78 less any payments made, with interest thereon.

7.  Personal Guaranty. As a material inducement to Dowge entering into this Settlement Agreement, Albert Barnathan, an officer and owner of LP, shall execute and enter into a personal guaranty in the form attached hereto as **Exhibit B**, which unconditionally guarantees payment of an aggregate Settlement Amount totaling $1,000,000.00 to LP. Mr. Barnathan acknowledges and agrees that the Personal Guaranty is a material inducement to Dowge in executing this Settlement Agreement and that Dowge has relied to its detriment on this Personal Guaranty in entering into this Settlement Agreement. As such, Mr. Barnathan acknowledges that if the Personal Guaranty is invalidated, voided, repudiated, breached, or otherwise rendered

4

unenforceable for any reason whatsoever, subject to the Cure Period set forth above, Dowge has the right to terminate this Settlement Agreement and recover against Mr. Barnathan for the full amount of money due and owing to Dowge as demanded in the Litigation to the sum of $1,000,000.00, less any payments made.

8.    No Assignment. Dowge represents and warrants that it has not assigned, sold, transferred or otherwise disposed of, and will not assign, sell, transfer, or otherwise dispose of, any cause of action, claim or other right or matter of any kind, which has, could have been, or could be asserted or made by Dowge in the Litigation.  If, contrary to this representation and warranty, Dowge assigns or has assigned such rights to any other person or entity, then Dowge shall indemnify and hold harmless the LP, as the case may be, with respect to any cost or expense, including reasonable attorneys' fees, incurred by the LP by reason of any claim or action brought by any assignee of any interest assigned contrary to the representation and warranty herein.

9.    Authority to Execute.  All Parties to this Agreement represent and warrant that they have the full authority to enter into this Agreement.

10.    Reliance on Own Counsel.   In entering into this Agreement, the Parties acknowledge that they have relied upon the legal advice of their respective attorneys, who are the attorneys of their own choosing, or that they have been afforded a full and fair opportunity to obtain independent review by attorneys of their own choosing.

11.    Agreement Read and Voluntarily Accepted.   The Parties further agree and acknowledge that each Party has read this Agreement and that such terms are fully understood and voluntarily accepted by them.  Each Party is fully aware of the legal and binding effect of this Agreement and signs the Agreement of its own free will.

12.  <u>No Other Promises or Representations</u>.  The Parties further agree and acknowledge that, other than the consideration set forth herein, no promises or representations of any kind have been made to them by any other Party.  The Parties represent and acknowledge that in executing this Agreement they did not rely, and have not relied, upon any representation or statement, whether oral or written, made by any other Party or by that other Party's agents, representatives or attorneys with regard to the subject matter, basis or effect of this Agreement or otherwise.

13.  <u>Headings</u>.  The headings within this Agreement are purely for convenience and are not to be used as an aid in interpretation.

14.  <u>Entire Agreement</u>.  This Agreement represents the entire agreement between the Parties and supersedes all prior agreements or understandings, written or oral, between them, which is incorporated herein, unless anything set forth therein is otherwise modified herein.

15.  <u>Severability</u>.  Should any provision of this Agreement be found to be in violation of any law, or ineffective or barred for any reason whatsoever, the remainder of this Agreement shall be in full force and effect to the maximum extent permitted by law, unless the effect thereof would be to deny any Party hereto a material part of the consideration of the Agreement.

16.  <u>Non-Waiver</u>.  The failure to enforce any section or subsection hereof shall not constitute a waiver of such section or subsection or of any other part of this Agreement.

17.  <u>No Oral Modification</u>.  This Agreement may not be changed or modified except by a written instrument signed by the Party against whom such modification is sought to be enforced.

18.  <u>Governing Law</u>.  The Parties agree that the terms of this Agreement shall be governed by, construed, and enforced in accordance with the laws of the State of New York.

19.    _Jurisdiction._  Each party irrevocably agrees that the courts of the Southern District of New York shall have exclusive jurisdiction to settle any dispute or claim (including non-contractual disputes or claims) arising out of or in connection with this agreement or its subject matter or formation.

20.    _Execution in Counterparts._  This Agreement may be executed in one or more counterparts.  All executed counterparts shall be deemed to be one and the same instrument.


**DOWGE INTERNATIONAL DEVELOPMENT, LTD.,** _Dowge_

By: _____          Dated: _____

Its:


**LOUISE PARIS, LTD., LP**

By: _____          Dated: _____

Its:

7

# PERSONAL GUARANTY

**THIS GUARANTY** is made effective as of the __ day of July, 2023 by Albert Barnathan (**"Guarantor"**), in connection with the Settlement Agreement between Dowge International Development, Ltd. (**"Dowge"**), on the one hand, and Louise Paris Ltd. (**"Debtor"**) and Albert Barnathan on the other hand dated as of July 2023. The Settlement Amount of One Million Dollars ($1,000,000.00), together with all extensions, renewals and replacements thereof under the Settlement Agreement is referred herein as the **"Obligations."**

**FOR VALUE RECEIVED,** and as a material inducement for Dowge to enter into the Settlement Agreement with Debtor, Guarantor, absolutely and unconditionally guarantees the prompt payment to Dowge, when due, whether accelerated or not, of the a total of $1,000,000.00 of the Obligations, together with all costs, expenses and reasonable attorney's fees of Dowge in enforcing this Guaranty, less any payments and subject to the applicable Cure Period set forth in paragraph 6 of the Settlement Agreement.

This instrument is intended to be a continuing guaranty for such Obligations, irrespective of changes in the same from time to time, independent of and in addition to any other guaranty, endorsement or security held by Dowge therefore, and without right of subrogation on the part of the undersigned until said indebtedness is paid in full, and shall remain in full force and effect until Dowge or its successors or assigns shall be paid in full for all obligations occurring under or relating to the Obligations, except as expressly set forth herein.

If any default (after notice and opportunity to cure as provided in the Settlement Agreement) shall be made or shall occur in any payment due under the Obligations, the undersigned agrees to pay the same without protest, notice of nonpayment or notice of default to the undersigned, to the Debtor, or to any other person, without proof of demand and without requiring Dowge to resort first to the Debtor or to any other guaranty, security or collateral which it may have or hold.

This Guaranty is irrevocable. The liability of the Guarantor shall not be affected or impaired by the acceptance by Dowge of security for said indebtedness, or any part thereof, or by any disposition of or failure, neglect or omission on the part of Dowge to realize upon any of said security, and any security at any time held by Dowge for any or all of the indebtedness, or upon which a lien may exist therefore, may be exchanged, withdrawn or surrendered from time to time or otherwise dealt with by Dowge without notice to or assent from the undersigned, to the same extent as though this Guaranty had not been given. Dowge shall have the right to make any agreement with the Debtor for the compounding, compromise, discharge, or release thereof, in whole or in part, or for any modification of the terms thereof or of any contract between Dowge and the Debtor or any other party, without notice to or assent from the undersigned.

This Guaranty shall be construed according to the laws of the State of New York.

This Guaranty and every part hereof shall be binding upon the undersigned and the heirs, representatives, successors and assigns of the undersigned, and shall inure to the benefit of Dowge, its successors and assigns.

**GUARANTOR**

_____
Albert Barnathan

STATE OF NEW YORK        )
                                                 ) ss:
COUNTY OF NEW YORK   )

HARLAN M. LAZARUS
Notary Public, State of New York
No. 02LA4723982
Qualified in Queens County
Commission Expires February 28, 20 21

On _____, 2023 , before me, the undersigned, a notary public in and for said State, personally appeared Albert Barnathan, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument.

_____
Notary Public

**EXHIBIT A**
**(Stipulation of Voluntary Dismissal With Prejudice of the Litigation)**

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DOWGE INTERNATIONAL DEVELOPMENT, LTD.,<br><br>         Dowge,<br><br> - against -<br><br>LOUISE PARIS, LTD. d/b/a ME JANE,<br><br>         LP. | No. 1:22-cv-07880-JPC<br><br>**STIPULATION OF VOLUNTARY DISMISSAL WITH PREJUDICE PURSUANT TO F.R.C.P. 41(a)(1)(A)(ii)** |

    **IT IS HEREBY STIPULATED AND AGREED**, by and between undersigned counsel for the parties that, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), that the above-captioned action is voluntarily dismissed, **with prejudice**, against LP pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii).

Dated: August __, 2023
   New York, New York

**JIA LAW GROUP, P.C.**
*Attorney for Dowge*

By: _____
   Thomas Hsien Chih Kung, Esq
   88 Pine Street, 18th Floor
   New York, NY 10005
   (347) 897-6199

**LAZARUS AND LAZARUS, P.C.**
*Attorneys for LP*

By: _____
   Harlan M. Lazarus, Esq.
   Jared H. Louzon, Esq.
   240 Madison Avenue, 8th Floor
   New York, NY 10016
   (212) 889-7400